IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MORRIS J. PETTIGREW, SR. #359809 | * |
| Plaintiff | * |
| v. | *   CIVIL ACTION NO. GLR-12-2560 |
| STATE OF MARYLAND, et al. | * |
| Defendants | * |

\*\*\*

**MEMORANDUM**

On August 27, 2012, Morris J. Pettigrew, Sr. ("Pettigrew"), an inmate confined at the Western Correctional Institution, filed a 29-page 42 U.S.C. § 1983 Complaint against Baltimore City police officers, prosecutors, and detectives alleging his civil rights have been violated. ECF No.1. Pettigrew states that in 2009, he was subject to an "unfair trial" and illegally convicted of assault in the Circuit Court for Baltimore City based on perjurious statements, impermissibly suggestive DNA evidence, and the contamination and planting of evidence. Pettigrew seeks declaratory and injunctive relief and over $33,000,000.00 in compensatory and punitive damages. Because he appears indigent, he shall be granted leave to proceed in forma pauperis.

From a review of the Maryland state court criminal docket, it appears that on September 15, 2009, Pettigrew was convicted in the Circuit Court for Baltimore City of first- and second-degree assault and sentenced to a 20-year term, with all but ten years suspended and five years' probation. See State v. Pettigrew, Criminal Case No. 108136011; http://casesearch.courts.state.md.us/inquiry/inquiry Detail. He remains confined on those convictions.

To the extent that Pettigrew is filing a civil rights complaint under 42 U.S.C. § 1983 regarding the 2009 criminal conviction, he is precluded from doing so as his Complaint is not cognizable under Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, an Indiana state prisoner sued two state prosecutors and a state investigator who had participated in the investigation leading to plaintiff's conviction. Plaintiff alleged that defendants had knowingly destroyed evidence which was exculpatory in nature and had also caused an unlawful voice identification procedure to be used at trial. The complaint sought compensatory and monetary damages. The Supreme Court concluded that the complaint had to be dismissed. In so doing, the Court rejected the lower court's reasoning that a § 1983 action should be classified as a habeas corpus action. Said the Court:

> We hold that, in order to recover damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit.

Heck, 512 U.S. at 486-7 (emphasis in original).

The Heck bar "concern[s] the allocation between collateral review and damage actions as a matter of federal law" and, thus, has "no application when collateral review is unavailable— either because the plaintiff's custody has expired or because he was never 'in custody' as a result of the defendants' contested actions." Simpson v. Nickel, 450 F.3d 303, 307 (7th Cir. 2006). In the absence of such contingencies, "when a prisoner seeks damages under federal civil rights law

for 'harm caused by actions whose unlawfulness would render a conviction or sentence invalid,' the prisoner must as a condition of maintaining the suit show that the conviction or sentence has been invalidated either by the state which rendered it, or by a federal court in a proceeding for habeas corpus." Miller v. Indiana Dep't of Corr., 75 F.3d 330, 331 (7th Cir. 1996) (quoting Heck, 512 U.S. at 486).   Pettigrew's perjury and tainted evidence claims are inextricably interwoven with the constitutionality of his 2009 criminal convictions.   Unless those convictions are reversed or otherwise invalidated, these claims cannot proceed under 28 U.S.C. § 1983.   Consequently, this § 1983 Complaint for damages may not proceed at this time and shall be summarily dismissed without prejudice.   A separate Order follows.

September 27, 2012                                                       /s/
                                                              _____
                                                              George L. Russell, III
                                                              United States District Judge

3